COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-448-CV

$7616 IN U.S. CURRENCY AND APPELLANT

ONE SUITCASE

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Raymond Joseph Serrano attempts to appeal the trial court’s judgment, entered in the State’s favor after a civil forfeiture hearing.
(footnote: 2)  Because Serrano’s notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

The trial court signed the judgment at issue on February 18, 2000.  Accordingly, Serrano’s notice of appeal was due within thirty days of February 18, 2000.  
See 
Tex. R. App. P. 26.1
 (providing that the notice of appeal must be filed within thirty days after the judgment is signed).
(footnote: 3) 
 Serrano filed his notice of appeal on November 10, 2008.

Because Serrano’s notice of appeal appeared to be untimely filed, we notified him on November 26, 2008, of our concern that this court might not have jurisdiction over his appeal.  We informed him that unless he or any party desiring to continue the appeal filed with the court, on or before Monday, December 8, 2008, a response showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction.  
See
 Tex. R. App. 
P.
 42.3(a), 44.3.  

Serrano filed a response on December 10, 2008, but he failed to show any grounds for continuing the appeal.  
Times for filing a notice of appeal are mandatory and jurisdictional, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal.
(footnote: 4)  
See
 Tex. R. App. P. 25.1(b), 26.1, 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997)
.
 
Because Serrano’s notice of appeal was not timely filed, we dismiss his appeal for want of jurisdiction.  
See
 
Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: January 8, 2009

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
See State v. $7,616.00 in U.S. Currency & One Suitcase
, No. S-5908 (372nd Dist. Ct., Tarrant County, Tex. Feb. 18, 2000).

3:
There are exceptions to the thirty-day requirement, but none apply here.  
See
 Tex. R. App. P. 26.1(a)(1)–(4), 26.1(c), 26.3, 30.

4:
In his response, Serrano requested a thirty-day extension to secure a copy of the rules of appellate procedure so that he could proceed pro se with his appeal.  Had we granted Serrano such an extension, this dismissal still would have resulted, as he filed his notice of appeal over seven years late.